ARNOLD H. NAGER, Individually and on Behalf of All Others Similarly Situated, Appellants-Respondents, v TEACHERS'

RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents-Appellants. [869 NYS2d 492]—

Supreme Court properly used the lodestar method in determining the reasonable value of plaintiffs' attorneys' services in instituting and settling this class action, rather than applying a percentage of the value of the settlement, in view of the enormous disparity in result between the two methods (*see Goldberger v Integrated Resources, Inc.*, 209 F3d 43, 50 [2d Cir 2000]; *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F3d 1291, 1297-1298 [9th Cir 1994]), and also correctly found that a multiplier was not warranted to enhance the lodestar amount (*see Goldberger; Sheridan v Police Pension Fund, Art. 2 of City of N.Y.*, 76 AD2d 800 [1980]). We find, however, that the Rosen firm failed to establish the reasonableness of its $610 per hour rate, the reasonableness of billing 76% of its hours at the top partner rate, and the qualifications of its associates (*see Lochren v County of Suffolk*, 2008 WL 2039458, *5 n 4, 2008 US Dist LEXIS 38100, *15 n 4 [ED NY 2008]). Accordingly, we modify to reduce the Rosen firm fee to $241,010. Similarly, we find that the Sandals firm failed to demonstrate its entitlement to payment at the top partner rate of all hours billed by Sandals for speaking to plan members, and accordingly reduce its fee to $103,430. We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.